Smith, P. J.
Action to recover damages for plaintiff’s loss of the services of his wife and expenses incurred by him in consequence of injuries sustained by her in falling upon the sidewalk in Massachusetts street, one of the public streets of the city of Buffalo, which the defendant is alleged to have negligently permitted to be out of repair.
The sidewalk was of plank, laid crosswise upon sleepers that ran lengthwise with the walk. Evidence was given tending to show that at the time of the accident, and for from four to six months previously, several planks were loose at and near the place where the plaintiff’s wife was injured, so that when stepped on at one end, they would be thrown up at the other end. The plaintiff’s wife testified that on the occasion in question she was walking - on the sidewalk in company with her brother .-in-law; that she did not discover anything wrong with the sidewalk; and the first she knew, the board raised up and she pitched over and received the personal injuries which are the the basis of the plaintiff’s claim.
Without further detailing the circumstances of the occurrence, it is enough to say that the testimony warranted the conclusion that the plaintiff’s wife was free from negligence.
There was no proof that the city had actual notice of the defective condition of the sidewalk, and so the judge charged; but he submitted to the jury the question whether the proper officials of the city, in the exercise of ordinary, reasonable care and diligence, ought to have known of the condition of the walk, and he instructed them, in substance, that upon answering that question in the affirmative they would be justified in charging the defendant with negligence. The appellant’s counsel contends that the evidence- was insufficient to establish constructive notice, and consequent negligence, inasmuch as it appeared that a passer-by could not discover the defect by looking at the surface of the walk at the time when the plaintiff’s wife was injured. But there was testimony tending to show that at times while the sidewalk was out of repair, -the defect was visible. Mrs. Coon testified that sometimes the plank was “loose and tom up;”' “some boards were down, and some up;” “the sidewalk was all rotted; I guess it was in that condition four or five months.” Dr. Parmenter testified that the sidewalk was in- " bad condition; the boards were loose and the planks were loose; at one time they were off the sleepers altogether; they *857 were re-placed; sometimes they were put back; and to the best of his recollection the sidewalk was in bad condition for six months. It appeared that certain of the police force of the city were charged with the duty of patrolling Massachusetts street and ascertaining thé condition of its sidewalks and reporting it, and that one of the police charged with that duty passed over the sidewalk in question twice a day in going to his house. Although he testified that the condition of the sidewalk was good so far as he knew or observed, the question was fairly presented by the evidence, whether, in the exercise of reasonable care and observation, he ought not to have noticed the defect. If he ought, the defendant was chargeable with constructive notice and neglect of duty.
It is contended that the court erred in permitting the plaintiff to be asked “how long did your wife need the care and attendance of some one to take care of her.” The objection was that it was not the proper way of proving her condition, and also that it called for the opinion or conclusion of the witness, and was incompetent. The witness had previously testified, without objection, that his wife “needed somebody’s care all that summer, until about election time, before she could get around at all to speak of, and from that time she lingered on.” His answer to the question objected to was as follows: “She needs the care, to the present day, of somebody; I mean at times; I mean that she needed care to take care of her, needed to be waited upon clear up to within a few days of election that fall; a few days before election she got around so that she would be around the house may be a day, and the next day she would be in bed again, and that is the way she kept on until we called Dr. Snow that winter; that is the continued way her health has been up to the present time; she feels right enough some days, and other days she is just the other way.” We do not think the question can be regarded, by fair interpretation, as calling for a mere opinion, such as the opinion of an expert. It did call for a conclusion, but it was a conclusion as to a matter of fact, based upon other facts, and the witness stated not only his conclusion, but also the facts on which he formed it. His answer was but a repetition of what he had previously testified to without objection, except the statement that the invalid needed care to the time of the trial, and in respect to that he stated the facts on which his conclusion was based. We think that, so far as the question called for a statement of the condition of the invalid, it was proper, and so far as it called for a conclusion as to her condition, it was discretionary with the trial court to allow it or not.
The defendant’s objection to the following question, *858 put to the plaintiff. “ Did you have this boat to run for the season last year?” was too late. It was not made till after the question was answered. The refusal of the motion to strike out, the answer was not error, it being discretionary with the coui't to grant the motion or deny it.
It was not error to permit the physician to testify that when he called on the plaintiff’s wife and was learning her symptoms, she complained, among other things, that she was not as strong as she used to be.
The testimony was objected to on the ground that it was not competent to show what she said about her former condition. The objection was groundless. The only effect of the testimony was to show that she complained to her physician of the present loss or diminution of strength. It was proper within the rule that the representation by a sick person of the nature, symptoms and effects of the malady under which he is laboring at the time, are received as original evidence (1 Green. Ev., § 102). If made to a medical attendant, they are of greater weight as evidence; but, if made to any other person, they are not, on that account, rejected'. Id; Matteson v. The New York Central R. R. Co., 35 N. Y, 487.
It is contended that the judge erred in charging the jury that it was the duty of the city to keep its walks in a reasonably safe condition. That the remark was not intended by the court, or understood by the jury, as an instruction that the duty of the city in that respect was absolute under all circumstances, is apparent from the instruction immediately following it, that in order to hold the city liable it must be shown that it had notice of the defect and neglected to repair it. And when the attention of the judge was called to the remark by an exception, he distinctly told the jury that the city are not insurers, and that the other elements referred to must be found to exist to enable the plaintiff to recover, “but,” he continued, “ as a primary proposition, I charge you as I stated before.” With that explanation the charge was unexceptionable.
There are no other questions in the cáse requiring comment.
The judgment and order should be affirmed.
Haight and Bradley, JJ., concur; Barker, J., not voting. •